# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
# IN AND FOR SUSSEX COUNTY

JOHNNY VAUGHAN                              )
                                           )
        Plaintiff,                   )    C.A. No. CPU6-25-000290
                                           )
    v.                                 )
                                           )
SUMMERLYN ASSOCIATION OF                   )
OWNERS, INC., SEASCAPE PROPERTY            )
MANAGEMENT, and IGNACIO                    )
GONALEZ,                                   )
                                           )
        Defendants.                  )


Submitted: June 23, 2025
Decided: October 17, 2025


## Memorandum Opinion and Order – Defendants' Motion to Dismiss

## GRANTED


Johnny Vaughn, 34383 Summerlyn Drive, Unit 110, Lewes, DE 19958, *Pro Se Plaintiff*

Alan D. Albert, Esquire, 800 N. King Street, Plaza Suite 1, Wilmington, DE 19801, *Attorney for Defendants.*


**MIMS, J.**

Johnny Vaughn ("Plaintiff") filed a Complaint on February 20, 2025, alleging a breach of contract and breach of the duty of care against Summerlyn Association of Owners[1] ("Association"), Seascape Property Management[2] ("Seascape"), and Ignacio Gonzalez ("Gonzalez") (collectively "Defendants").[3] On March 18, 2025, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim for which this Court can grant relief.[4] This Court held a hearing on June 23, 2025, and reserved its decision. Plaintiff failed to meet his burden this honorable Court holds jurisdiction on some of his claims and the remaining claims have no reasonably conceivable basis upon which relief can be granted, therefore Defendants' Motion to Dismiss is granted.[5]

## PROCEDURAL HISTORY

Johnny Vaughn ("Plaintiff") filed a Complaint on February 20, 2025, alleging a breach of contract against Summerlyn Association of Owners, Inc., Seascape Property Management, and Ignacio Gonzalez (collectively "Defendants").[6] In his Complaint, Plaintiff pleads several breaches of contract by Defendants including: unilaterally changing all required Association payments from monthly to quarterly; fraudulently contracting with Delaware Elevator Inc. for the Association's elevator maintenance; failing to conduct Association meetings pursuant to the governing documents; failing to conduct fair elections; allowing condominium renters of the Association to

---

[1] Under the Delaware Division of Corporations known as Summerlyn Condominium Association, Inc.
[2] Under the Delaware Division of Corporations known as Seascape Property Management, Inc.
[3] Compl. at 2, Feb. 20, 2025.
[4] Mot. to Dismiss at 6, Mar. 18, 2025.
[5] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[6] Mot. to Dismiss, *supra* note 2, at 2.

2

sublease, which goes against the governing documents; and failing to properly collect assessments.[7]

Plaintiff seeks damages amounting to $1,780.00.[8] Specifically, Plaintiff asserts the amount stems from 15 hours he spent addressing the breach of contract over 20 months, 10 hours trying to prevent election fraud, six hours spent addressing contract cancellation clause violations with Delaware Elevator, Inc., 15 hours spent searching for legal representation, and $400 for consulting an attorney.[9] Plaintiff requests he be paid at a rate of $30 an hour for the time he expended for this Complaint — 46 hours at $30 plus $400 totaling $1,780.[10] Further, Plaintiff requests Defendants pay him damages for fraudulent collection and attempted collection of late fees despite breach of contract — $512.[11] Plaintiff requests $599 from Mr. Gonzalez for bad faith decisions due to violating the Association's governing documents.[12] Likewise, Plaintiff requests Seascape pay $17 in court costs, and all Defendants pay him a total of $2,804.00 in intentional infliction of emotional distress.[13] Finally, Plaintiff requests this honorable Court order Defendants to both refund any late fees members of the Association incurred when it changed fee collections from monthly to quarterly, and remove records of the allegedly incorrect late fees.[14]

As for injunctive relief, Plaintiff requests this honorable Court order the Association to end its contract with Delaware Elevator, Inc.; ensure all candidates running for the Association's board have access to all owner contact information; order the Association to establish formal election

---

[7] *Id.* at 3-9.
[8] *Id.* at 10.
[9] Compl., *supra* note 1, at 10.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Compl., *supra* note 1, at 10.
[14] *Id.*

3

procedures; order the Association to conduct elections via email when feasible; reduce the quorum requirement to 20%; require the Association to answer and publish all owner-submitted questions in a monthly or quarterly newsletter; order the Association to have an annual meeting in May or June; order the Association to complete rewritten contracts with all vendors within six months; order the Association to obtain three competitive bids for all future contracts with vendors and eliminate auto renewal contracts; and finally order the Association to properly follow its governing documents.[15]

On March 18, 2025, Defendants collectively filed a Motion to Dismiss on two grounds.[16] First, under Court of Common Pleas Civil Rule 12(b)(6),[17] Defendants argue Plaintiff fails to state a claim upon which relief can be granted explaining Plaintiff failed to cite to any damages resulting from the alleged breach.[18] Citing *Cent. Mortg. Co. v. Morgan Stanley Mort. Cap. Hldgs. LLC*,[19] Defendants explain pleadings survive a motion to dismiss if they are reasonably conceivable.[20] Defendants assert none of Plaintiff's pleadings are reasonably conceivable because the Association's actions — contracting with Seascape as well as Delaware Elevator,[21] and making decisions regarding disputes related to the interpretation and application of the governing documents including such as interpreting the installment payment period — were within the scope

---

[15] *Id.*

[16] Mot. to Dismiss, *supra* note 2, at 1.

[17] Ct. Com. Pl. Civ. Rule 12(b)(6) ("How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: … failure to state a claim upon which relief can be granted… .").

[18] Mot. to Dismiss, *supra* note 2, at 5.

[19] 27 A.3d 531, 537 (Del. 2011).

[20] Mot. to Dismiss, *supra* note 2, at 18.

[21] *Id.* at 21-22.

4

of its power pursuant to the governing documents.[22] Additionally, Defendants argue Plaintiff fails to identify a part of the governing documents that Defendants specifically breached and provides no precise reference to any damages suffered as a result of a breach.[23] Lastly, Defendants argue the case is moot as Plaintiff cited to alleged breaches between 2018-2023, all of which Defendants remedied prior to this case.[24]

Second, Defendants argue many of Plaintiff's claim do not fall under the jurisdiction of this honorable Court pursuant to Court of Common Pleas Civil Rule 12(b)(1).[25] Defendants maintain this Court lacks jurisdiction over several of the allegations because they invoke equitable rights and request equitable remedies falling exclusively under the Court of Chancery's jurisdiction.[26] Citing 10 *Del. C.* § 341,[27] Defendants assert only the Court of Chancery may hear causes in equity.[28] Defendants explain the relief Plaintiff seeks, though stemming from an alleged breach of contract claim — which may usually be remedied through monetary damages — is one of equity because it is non-compensable.[29] Defendants argue Plaintiff's relief sought is non-compensable because he asked this Court to: (1) order the Association to end its contract with Delaware Elevator, Inc.; (2) to establish formal election procedures; (3) to conduct elections via email when feasible; (4) to have an annual meeting in May or June, (5) to complete rewritten

---

[22] *Id.* at 19-21.
[23] *Id.* at 22-23.
[24] *Id.*
[25] Ct. Com. Pl. Civ. R. 12(b)(1) ("How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter... .").
[26] Mot. to Dismiss, supra note 3, at 5.
[27] 10 *DEL C.* § 341 ("Matters and causes in equity. The Court of Chancery shall have jurisdiction to hear and determine all matters and causes in equity.").
[28] Mot. to Dismiss, *supra* note 2, at 14.
[29] Mot. to Dismiss, *supra* note 2, at 15.

contracts with all vendors within six months, (6) to obtain three competitive bids for all future contracts with vendors and eliminate auto renewal contracts; (6) and finally to properly follow its governing documents.[30] In sum, Defendants argue Plaintiff's relief through specific performance is non-compensable at law, which are causes in equity, and consequently, outside of the this Court's subject matter jurisdiction.

On March 26, 2025, Plaintiff filed a Response to Defendants' Motion to Dismiss as well as a Motion to Amend Complaint.[31] In his Response, Plaintiff argues he listed monetary damages in his Complaint therefore this case should not be dismissed for lack of subject matter jurisdiction.[32] Likewise, Plaintiff argues this case should not be dismissed for failure to state a claim upon which relief can be granted because Defendants breached their fiduciary duty to enforce compliance with the governing documents and held unfair elections incongruent with the governing documents.[33]

On March 26, 2025, this Court rejected Plaintiff's Motion to Amend Complaint due to nonconformity with Court of Common Pleas Rule 15(a) and allowed additional time to refile with a deadline of April 15, 2025.[34] Plaintiff failed to refile an Amended Complaint by the deadline.[35] Plaintiff's changes under his original Motion to Amend include damages for intentional infliction of emotional distress as on-going, Seascape pay $17 in court costs as well as $50 for money orders and filing copies, and that Plaintiff was required to accept the governing documents when he bought his home.[36]

---

[30] *Id.* at 15-17.
[31] See Docket Item.
[32] Resp. to Mot. to Dismiss at 1, Mar. 26, 2025.
[33] *Id.* at 2-4.
[34] See Docket Item, Order dated Mar. 28, 2025.
[35] See Docket Item.
[36] Mot. to Amend. At 3-5 Mar. 26, 2025.

On March 31, 2025, Defendants' counsel substituted Chad J. Toms, Esq., Quinn T. Griffith, Esq., and Queen Nwangwu, Esq., of Whiteford, Taylor & Preston, LLC, and substituting them for Allan D. Albert, Esq., of O'Hagan Meyer, PLLC.[37]

On April 14, 2025, Plaintiff filed a Motion to Compel Discovery,[38] however, this Court denied the Motion as premature due to the Motion to Dismiss being scheduled with this honorable Court on June 23, 2025.[39]

## FACTS

Plaintiff owns and resides at 34383 Summerlyn Dr., Unit 110, Lewes, DE 19958.[40] This unit is located in a common interest condominium community overseen by the Summerlyn Condominium Association, Inc. (the "Association"), a non-profit Delaware corporation governed by the Amended Declaration Establishing a Plan for Condominium Ownership of Premises Situate in Lewes and Rehoboth Hundred, Sussex County, Delaware pursuant to the Unit Property Act of the State of Delaware and the Amended and Restated Code of Regulations for Summerlyn Condominium (the "governing documents").[41] The Association is also subject to certain provisions of the Delaware Uniform Common Interest Ownership Act ("DUCIOA").[42]

The Association oversees the election of the Council who is made up of unit owners who have all the powers and duties necessary for the administration of the affairs of the Association.[43] Under the governing documents, those powers and duties include:

---

[37] See Docket Item, Substitution of Counsel, Mar. 31, 2025.
[38] Mot. to Compel, Apr. 14, 2025.
[39] See Docket Item, Order dated Apr. 22, 2025.
[40] Compl., *supra* note 1, at 2.
[41] Mot. to Dismiss, *supra* note 2, at 6; neither party attached the governing documents in whole; rather, they each provided specific sections within their Complaint and Motion.
[42] *Id.* at 7.
[43] *Id.*

7

Making assessments against Unit Owners to defray the costs and expenses of the Association, establishing the means and methods of collecting such assessments from the Unit Owners and establishing the period of the installment payment of the annual assessment for expenses. Unless otherwise determined by the Council, … shall be payable in advance on the first day of each month.[44]
Providing for the operation, care, upkeep, replacement, maintenance and surveillance of al of the common elements and services of the Association.[45]

Designating, hiring and dismissing the personnel necessary for the maintenance, operation, repair and replacement of the common elements, and providing services to the property.[46]

The Council may employ for the Association a professional managing agent at a compensation established by the Council.[47]

The Council contracted with Seascape as the professional managing agent.[48] Seascape is a professional management company that provides various services to the Association including maintenance of common elements, enforcement of governing documents, and collection of assessments and fees.[49] Ignacio Gonzalez served as the Council's former president.[50]

As an owner of a unit within the Association, the Plaintiff maintains membership in the Association and is subject to the terms and provisions of the governing documents.[51] Apart from this membership, Plaintiff offers no evidence of a contract between Plaintiff and the Association except pursuant to the governing documents. Plaintiff offers no evidence the Association breached a contract by operating outside of its powers under the governing documents including its ability to enter in contracts with Seascape and Delaware Elevator. Plaintiff offers no evidence Seascape breached its contract with the Association, including overseeing collecting assessments and

---

[44] *Id*, at 8.
[45] *Id.*
[46] *Id.*
[47] Mot. to Dismiss, *supra* note 2, at 8.
[48] *Id.*
[49] *Id.* at 8.
[50] *Id.* at 9.
[51] *Id.*

8

assessing late fees. Plaintiff offers no evidence of any contract with Gonzalez or a breach of the governing documents due to Gonzalez making bad faith decisions while president of the Council.

## STANDARD OF REVIEW

In considering motions to dismiss filed pursuant to Court of Common Pleas Civil Rule 12(b)(6), the Court must assume that all well-pled facts in the complaint are true.[52] The complaint should not be dismissed unless "the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances susceptible to proof.[53]

Further, "an allegation, though vague or lacking in detail, is nevertheless, 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[54] While, the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by plaintiff.[55] Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[56] Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[57]

## DISCUSSION

The Court reviews the two issues presented by the Defendants' Motion to Dismiss. First, the Court addresses whether Plaintiff's claims requesting the Court direct Defendants to complete specific changes should be dismissed for lack of subject matter jurisdiction. Second, the Court

---

[52] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] *Id.*
[57] *Lawyer v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016) (internal citations omitted).

9

addresses whether Plaintiff's remaining claims fail to state a claim in which relief may be granted under a breach of contract. For the reasons stated below, Defendant's Motion to Dismiss claims for lack of subject matter jurisdiction is **GRANTED**. Defendants Motion to Dismiss claims for a failure to state a claim for which relief can be granted is **GRANTED**. Under Delaware law, the governing pleading standard to survive a motion to dismiss regardless of the grounds for its dismissal is reasonable conceivability.[58] Reasonable conceivability asks whether the plaintiff has a possibility to recover.[59] Therefore, dismissal is only appropriate if the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[60]

I.  **Plaintiff's prayer for relief includes equitable remedies of which this Court lacks subject matter jurisdiction.**

Plaintiff's complaint seeks injunctive relief that does not fall within this honorable Court's jurisdiction. Under Court of Common Pleas Civil Rule 12(b)(1), a court must dismiss a claim if the court lacks subject matter jurisdiction over that claim.[61] In the instant case, Plaintiff requests the Court direct the Association to: refund any late fees from members when the Association transitioned from monthly to quarterly collection including any records of such late fees; terminate its contract with Delaware Elevator; establish formal election procedures; conduct elections via email; reduce the quorum requirement to 20%; answer and publish all owner-submitted questions in a monthly or quarterly newsletter; hold an annual meeting in May or June; completely rewrite contracts with all vendors within six months; obtain three competitive bids for all future contracts with vendors; eliminate auto renewal contracts and properly follow the governing documents.

---

[58] *Cent. Mortg. Co. v. Morgan Stanley Mort. Cap. Hldgs.* LLC, 27 A.3d 531, 537 (Del. 2011).
[59] Garfield v. BlackRock Mortg. Ventures, LLC, 2019 WL 7168004 at *7 (Del. Ch. Dec. 20, 2019).
[60] *Cent. Mortg. Co.*, 27 A.3d at 537.
[61] Ct. Com. Pl. Civ. R. 12(b)(1).

10

Plaintiff's claim fails to meet the reasonable conceivability standard as this Court does not have subject matter jurisdiction to grant equitable relief. Under 10 *Del. C.* § 341,[62] only the Court of Chancery may hear causes in equity, relief which is monetarily non-compensable.[63] Plaintiff's request provides no monetary value and as there is no reasonable conceivability for him to recover the request to changes in the Association's operating and interpreting contracts, assessments and late fees, owner meetings and elections including quorum under the governing documents.

## II. Plaintiff failed to state a claim upon which relief can be granted as he provided no reasonably conceivable circumstances proffering a breach of contract.

Plaintiff alleges breach of contract and demands damages from the Association, Seascape and Gonzalez. Under Court of Common Pleas Civil Rule 12(b)(6), a court must dismiss a claim if a plaintiff fails to "state a claim upon which relief can be granted."[64] Under a breach of contract claim, Plaintiff must prove by preponderance of the evidence that (1) the parties formed a contract, (2) what the terms of that contract were, (3) Defendant breached the contract, and (4) Plaintiff suffered monetary damages because of Defendant's breach.[65] The law measures the third element by substantial performance.[66] If a party does not substantially performance, then it does not perform the essential purpose of the contract thereby materially breaching the contract.[67] To determine if the breach is material, a court analyzes several factors including the extent of performance, hardship, and whether the breach was intentional.[68]

---

[62] 10 DEL. C. § 341 ("Matters and causes in equity. The Court of Chancery shall have jurisdiction to hear and determine all matters and causes in equity.").

[63] *Webster v. Brosman & Brosman*, 2019 WL 5579489 at *3 (Del. Super. Oct. 29, 2019).

[64] Ct. Com. Pl. Civ. R. 12(b)(6).

[65] *Freeman v. Scott*, 2017 WL 2633487 at *4 (Del. Com. Pl. Jun 19, 2017).

[66] *Clean Harbors, Inc. v. Union Pacific Corp.*, No. N15C–07–081 MMJ CCLD, 2017 WL 5606953, at *4 (Del. Super. Nov. 15, 2017).

[67] *Id.* at 4.

[68] *Qualcomm Inc. v. Texas Instruments Inc.*, 875 A.2d 626, 628 (Del 2005).

Plaintiff fails to meet his burden any of the Defendants breached a contract or their duties under the governing documents. Plaintiff's allegations[69] are not reasonably conceivable. Plaintiff proffered no evidence the Association's actions — contracting with Seascape as well as Delaware Elevator,[70] and making decisions regarding disputes related to the interpretation and application of the governing documents — were not within its power pursuant to the governing documents. In addition, Plaintiff failed to proffer any evidence the Association had no ability to authorize the Council of the common interest community to handle such affairs.[71] The governing documents grant the Association and Council power to oversee the governing of the common interest community.

Plaintiff proffered no evidence Seascape breached its contract with the Association in serving as the managing agent. Plaintiff proffered no evidence neither the Association nor Seascape breached any contract by changing the assessment schedule or late fees against unit owners; providing for operation, care, upkeep, replacement, and maintenance of all common elements; and designating, hiring and dismissing the personnel necessary for such maintenance.[72] Plaintiff proffered no evidence Gonzalez breached a contract by making bad faith decisions during his tenure as president of the council. Similarly, Plaintiff proffered no evidence he suffered damages as result of any of these decisions made by any of the Defendants. As Plaintiff failed to amend his Complaint, the Court denies any requests for damages for $17 in court costs from Seascape, $50

---

[69] Compl., *supra* note 1, at 3-9 (The allegations include Defendants' unilaterally changing all required HOA payments from monthly to quarterly, fraudulently contracting with Delaware Elevator Inc. for the Association's elevator maintenance, failing to conduct Association meetings per the governing documents, failing to conduct fair elections, allowing condominium renters of the Association to sublease, which goes against the governing documents, and failing to properly collect assessments.).
[70] *Id.* at 21-22.
[71] Governing Documents, Art. II §§ 1-2.
[72] *Id.*

in costs for money orders, filing and copying. The Court denies any of Plaintiff's alleged damages including $2,804 in damages for intentional infliction of emotional distress from all Defendants, $512 in damages from the Association for fraudulent late fees, $599 in damages from Gonzalez for bad faith decisions, and $1,780 from all Defendants for Plaintiff's time in preparing to file this complaint including his time at a rate of $30 an hour. The Court holds Plaintiff is not entitled to these damages as he has failed to meet his burden there was a contract, much less a breach, by the Defendants. Consequently, Plaintiff fails to state a claim upon which relief can be granted, so this Court grants Defendants' Motion to Dismiss under Court of Common Pleas Civil Rule 12(b)(6).

## CONCLUSION

For the reasons set forth in this Opinion, **IT IS SO ORDERED** this 17th day of October 2025 this honorable Court grants Defendants' Motion to Dismiss due to the Court's lack of subject matter jurisdiction on certain claims and due to Plaintiff's failure to state a claim upon which relief can be granted under a breach of contract or breach of duty.

The Honorable Rae M. Mims
Judge

Cc:    Shelly Swafford, Judicial Case Manager Supervisor